■ CAROL S. OLIVERO, Respondent, v JAMES J. KROPELIN et al., Defendants, and NIAGARA FALLS MEMORIAL MEDICAL CENTER, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint and cross claims against defendant Medical Center dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Niagara Falls Memorial Medical Center for summary judgment. In support of its application, the Medical Center submitted proof in admissible form, including the affidavit of a physician, to demonstrate that the pre-operative and post-operative treatment given plaintiff by the Medical Center's employees fell within the realm of accepted medical practice. The expert's affidavit refuted each of the claims alleged in plaintiff's bill of particulars against the Medical Center, including the allegation that the Medical Center was negligent in failing to obtain plaintiff's records from a prior surgical admission at another hospital in which plaintiff had an adverse reaction to general anesthesia. The record indicates that plaintiff had revealed that fact prior to surgery to the anesthesiologist, who nonetheless cleared plaintiff for surgery.

Plaintiff opposed the motion by submitting her own affidavit and that of counsel, which asserted as an additional theory of liability that the Medical Center was negligent in failing to forward timely an anesthesia questionnaire to the anesthesiologist. Plaintiff contends that, had the Medical Center immediately transmitted the form, which indicated that plaintiff had experienced prior difficulty while under general anesthesia, plaintiff's physician would have had time to secure those records in assessing whether plaintiff was an acceptable surgical risk. We disagree.

Where, as here, a movant demonstrates entitlement to judgment as a matter of law, the party opposing the motion must produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial of the action (see, Zuckerman v City of New York, 49 NY2d 557, 562). Here, plaintiff's submissions amounted to no more than unsubstantiated assertions that the Medical Center's failure to transmit timely the anesthesia questionnaire constituted "a departure from customary and good practice in the hospital and at the very minimum amounts to negligence". To defeat the motion, it was incumbent upon plaintiff to tender competent medical proof to demonstrate the viability of the theory of liability urged in opposition to the Medical Center's motion (see, Alvarez v Prospect Hosp., 68 NY2d 320, 327). Because plaintiff failed to make such a showing here, Supreme Court erred in denying the Medical Center's motion. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.